PER CURIAM:
On April 15, 1987, at approximately 9:00 p.m., claimant's 1982 Mercury Colony Park station wagon operated by claimant's daughter, Carmel Pauley, struck a piece of damaged road on State Route 7/4. Claimant seeks $1,543.22 for the damage to her vehicle.
The claimant's daughter, Carmel Pauley, testified that at the time of the accident she was travelling between Craddocks Fork and Lick Creek, Boone County. Her vehicle was coming off Craddocks Fork hill when it struck and broken up area in the road. The vehicle then went down over the hill. She stated that the road is approximately 20 feet wide at the point of the accident. She alleged that this damaged portion of the road had been in existence for two months prior to this accident. She drove this area every day and was aware of the defective condition of the roadway. She had never personally reported the condition of the road to the respondent.
Claimant testified that she had reported the condition of the road to the respondent. Notice was given by her previous to this accident. She stated that to her knowledge no *108 representative of respondent had checked the area before this accident. She did not have the vehicle repaired and it was repossessed.
The State is neither an insurer nor guarantor of motorists travelling on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For negligence of the respondent to be shown, proof of notice of the defect in the road is required. Davis Auto Parts vs. Dept. of Highways, 12 Ct.Cl. 31 (1977). In this case the claimant testified that she had reported the road condition and no action had been taken. This was not denied by the respondent. However, the Court believes that the driver of the vehicle, with her prior knowledge of the road condition, was likewise negligent. She travelled the road daily and knew of the existence and the location of the damaged section of the roadway. Under the doctrine of comparative negligence, the Court is of the opinion that the negligence of the driver of the vehicle was equal to or greater than that of the respondent and disallows the claim. Bradley vs. Appalachian Power Co., 256 S.E.2d 879 (1979).
Claim disallowed.